IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **RANDALL BROWN,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-460-Y |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Randall Brown, TDCJ-ID #361498, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beaumont, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Brown was charged by separate indictment in Tarrant County, Texas, with robbery of an

elderly person with a deadly weapon, his hand, and evading arrest in a vehicle. (1Clerk's R. at 2; 2Clerk's R. at 2)[1] The evidence at trial showed that, on April 12, 2005, Laverne Edwards, an 88-year-old woman, made a deposit at Bank of America on the corner of Hulen and Barwick in Fort Worth. Edwards left the bank, walked to her car in the bank parking lot, and got in. Brown approached Edwards's car, opened the driver's side door, and put his hand over Edwards's face. Brown pushed on her face, breaking the skin and her glasses, and then grabbed her purse and ran. Edwards got out of the car, yelled for help, and fell to the ground. (RR, vol. 3, at 21-37) Dennis Cloud, who was trying to enter the bank parking lot, saw Edwards on the ground and saw Brown running from Edwards's location. (RR. vol. 3, at 51-65) He followed Brown to a green pickup, parked next to a dumpster behind a nearby Red Lobster, and observed Brown holding Edwards's purse. Cloud called 911 and gave a description and the license plate number of the pickup to the police. According to Vicki Mills, who had been in the truck with Brown and David McCoy, Brown said he needed money and drove to the bank. (RR, vol. 3, at 38-50) After Brown parked the pickup, Mills saw Brown approach Edwards's car, struggle with Edwards for her purse, and run. McCoy got into the driver's seat and met Harris in a nearby parking lot. Brown, Mills and McCoy fled in the pickup, and Brown threw Edwards's purse out the window and lead police on a chase that ended in a crash. (RR, vol. 3, at 80-103) Mills denied that she or McCoy had any knowledge of what Brown was planning or that they participated in the robbery with Brown. (*Id.* at 38-50) An inventory search of the pickup revealed items from Edwards's purse. (RR, vol. 3, at 115-16) In defense, Brown presented expert testimony that he was insane at the time of the offense and

---

[1] "1Clerk's R." refers to the clerk's record in trial court cause no. 0974095D; "2Clerk's R." refers to the clerk's record in trial court cause no. 0974096D.

testimony that he had stopped taking his psychotropic medications two to three months before the offense. (RR, vol. 3, at 127-48)

Based on the evidence, the jury found Brown guilty of both offenses and assessed his punishment at 35 years' and 10 years' imprisonment, respectively. (1Clerk's R. at 102; 2Clerk's R. at 113) Brown appealed his convictions, but the appellate court affirmed the trial court's judgment on the jury's verdicts, and his petitions for discretionary review were denied. *See Brown v. State*, No. 2-07-067-CR & 2-07-CV-068-CR, slip copy (Tex. App.–Fort Worth May 29, 2008) (not designated for publication); *Brown v. State*, PDR Nos. 1066-08 & 1067-08. Brown also sought state postconviction habeas relief, to no avail. This federal petition was timely filed.

### D. ISSUES

Brown raises two grounds for relief: (1) the jury should have been instructed on the lesser included offense of theft, and (2) his "co-defendants" Mills and McCoy, who were also arrested, should have been charged. (Petition at 7)

### E. RULE 5 STATEMENT

Thaler believes that Brown has sufficiently exhausted his state remedies on the first issue but that the second issue is unexhausted as required by 28 U.S.C. § 2254(b)(1)(a) and procedurally barred. (Resp't Answer at 5)

### F. DISCUSSION

#### LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

A writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary

3

to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts are required to give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*1. Lesser Included Offense Instruction*

Brown complains the trial court erred by refusing to instruct the jury on the lesser included offense of theft based on Edwards's testimony that she was not injured, other than her "face was cut," and a tape-recorded statement she allegedly made to police that she was not injured. (Petition at 7)

4

The failure to instruct a jury on a lesser included offense in a noncapital state trial is not a federal constitutional matter. *See Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh,* 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985); *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980) (and cases cited therein); *see also Hopkins v. Reeves*, 524 U.S. 88, 96-97 (1998). *Compare Beck v. Alabama*, 447 U.S. 625, 637 (1980) (holding state statute precluding consideration of lesser included offense in capital cases, where evidence supports such a verdict, violates due process). In order to be entitled to a charge on a lesser included offense under Texas law, a criminal defendant must show (1) that the lesser offense is included within the proof of the offense charged and (2) that there is some evidence that he, if guilty, is guilty only of the lesser included offense. *Rousseau v. Texas*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). The state appellate court concluded that, although theft was a lesser included offense of aggravated robbery, Brown could not satisfy the second prong of the test. Absent a violation of the Constitution, we defer to the state court interpretation of its law for whether a lesser-included-offense instruction is warranted. *Creel*, 162 F.3d at 390-91.

*2. Co-Defendants*

Brown complains that McCoy and Mills, who were also arrested, were not charged. Thaler asserts that the claim is unexhausted and procedurally barred from the court's review.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443

(5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Brown has not exhausted his state court remedies in a procedurally correct manner with respect to this claim, raised for the first time in this petition. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. Brown cannot, however, return to the Texas courts to cure this deficiency. The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is

actually innocent of the crime. *Sawyer*, 505 U.S. at 339-40; *Coleman*, 501 U.S. at 750; *Finley*, 243 F.3d at 219-20. Brown has not made such a showing; thus, the claim is procedurally barred.

## II. RECOMMENDATION

Brown's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 4, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 4, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 14, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE